Mr. Gibbs. Good morning. May it please the Court. I'm Robert Gibbs for Antonio Avelar. The case really before this panel is relatively direct. Probably the only point this panel needs to deal with is the terms of a remand under the Transition Rule 309C1. The government had filed a motion to remand, but we had a dispute with them about whether there should be a finding or direction from the Court in terms of the 309C1 application in this case. Assuming the Court agrees to remand, the constitutional questions about retroactivity are really irrelevant at this point. The fundamental question here is that the fundamental fact here is that the proceedings actually started in this case with the filing of the order to show cause in 1993. And then the case was knocked off calendar for several years up until, let's see, 2002 because of the pending appeals that Mr. Avelar had. When it finally came to hearing, the judge was focused on the IRA-IRA and EDBA changes and the Supreme Court's ruling in St. Cyr about the retroactive effect of the elimination of 212C relief. And she pre-dermitted the 212C application because she was focused on those most recent changes. Counsel, assuming that we agree with you that there should be a remand, what is the disagreement? What do you think the remand should say? Well, my view is that the statute is clear on its face. It clearly says that cases started before the effective dates of these two statutes, as this one was, are covered by the preexisting law. And that's what the instruction should say. Oh, okay. The government's proposal was just remand and leave it completely up to the agency to sort out what they think. I don't think that's necessary. I think it's pretty clear when the order to show cause was filed, it's the first rather 208 document at the bottom of the pile of the certified administrative record. It shows it was filed in 93 by the court. Counsel, rather than just waste time, would you mind if we just hear from the government? I would not. It appears that you've already worked out a reasonable solution. We're close to that, Your Honor. All right. Thank you. May it please the Court, my name is Marion Guyton. I'm with the U.S. Department of Justice. I'm representing the respondent, the Attorney General, in this matter. The government's position is that in this case, the immigration judge pre-permitted the case based on St. Cyr, that Mr. Avila was not eligible for 212C relief. Why would that even apply, though, since his proceeding was started so long ago? Why isn't it just as a matter of statute available to him? There no longer is a 212C. With the 1996 amendments, and I wanted to point that out, we keep hearing Petitions Counsel referring to 212C. There no longer is a 212C. The former Section 212C of the INA was repealed in 1996 by the second set of amendments. Except we have a case from where a few years ago, I don't remember the date, the Magana-Pisano case, which says that 212C relief cannot be taken away retroactively from someone whose case was pending at the time of those amendments. And why doesn't that just completely fit this situation? The cases that I believe you're referring to are dealing with transitional rules cases. That was a narrow window period between the enactment of the ARERA provisions and their effective date. Since that time, the transitional rules are no longer into effect, or no longer in effect. The judicial review provisions are under 242. All proceedings now are under 242 of the INA. It doesn't matter when the charges were made. What the alien has before him is what relief Congress has made available at the time he makes the application, not when the charges were filed, whether it's an OSC or a notice to appear. What case says that? Well, we can look at K-law in dealing with the transitional rules. Well, not transitional rules. Before AEDPA became law, what case addresses proceedings that were pending before AEDPA was enacted? I can't give you an answer to that, Judge Roberts. But the fact is that there is no 212C applicable. What the Supreme Court did in St. Cyr is restore the applicability of 212C to those aliens who plead guilty in reliance. Well, when I'm ‑‑ that's all right. I'm just confused, because it seems to me that when Congress repealed 212C, it did so only with respect to proceedings instituted on or after April 1st, 1997. That's not the government's position. The government's position that Congress repealed 212C and it's no longer available. The provisions under which any alien has to apply are based on the fact that Congress set a lower threshold for toleration of drug offenses especially that lead to finding that they're aggravated felonies. And under that, Congress did not want aggravated felonies, aggravated felons to receive 212C relief. The only distinction is that the Supreme Court restored 212C to those who plead guilty. And this Court in Almendarez, Montoya and in Kavala has agreed that only when an alien has plead guilty in reliance on 212C relief is he allowed to receive 212C. What is your interpretation of Section 309 of ARERA? It's not applicable to this case. Because? In Section 242 with the Real ID Act, Congress indicated that all provisions, regardless of when they are initiated, are covered under the new provisions. Am I right or wrong in thinking that there is a regulation, Section 212.3G, which says that Section 440D of AEDPA shall not apply to an applicant whose deportation proceedings were commenced before the effective date of AEDPA? Is that a wrong understanding of the regulation? It's based on the law at that time. AEDPA is no longer the law. And the alien does not proceed either through the proceedings or in judicial review under the law that was in effect at the time the OSC or the Notice of Repair was issued. The proceedings were conducted subsequent to the congressional changes. And those are the provisions that the applicant, that the alien who's applying for authority has to meet. And this Court reviews based on that. It does not matter when the OSC was filed. Those transitional rules indicated that Congress wanted to preserve during that narrow window period from the date of enactment of ARERA to its effective date transitional rules in effect maintaining the status quo. After that, Congress indicated through the Real ID Act that regardless of when the proceedings are initiated, the AEDPA shall not be subject to any changes. The applicants, the alien's application is covered under 242. So if I can recap your position as I understand it, that under the Real ID Act, the current law applies to everybody. That's correct. Period. And the only exceptions would be those that are constitutionally required or required by some other statute that may be passed in the future. Yes. And your argument is that the ban on retroactivity does not apply here because he didn't rely the way the person did in St. Cyr. That is correct. He went to trial. Okay. I understand your position. Now, as to the issue of whether or not the, we agree as to a remand, the government took that position that remand was an alternative if this court were inclined to grant a petition for review. The government nevertheless feels that this court can rely on the immigration judge's decision as the basis for which the alien's application for 212C would apply. And the government's only concern was that the board did not address the constitutional issues that were raised. But we feel that the board was well within its right to rely on what it felt was settled law in just doing that affirmation without opinion, without discussing it. Because the law in this circuit, Amadeiros, Montoya and Cavalli, clearly gave the board the right to do that. And they provided a ground to feel that they did not need to discuss the immigration judge's decision and could affirm it without opinion because it's settled law that, in this case, Mr. Avalar went to trial. But if there's any ambiguity in what the board did, then you're saying that, in your view, the answer is an open-ended remand for them to simply reconsider and... Well, the constitutional issues, if this court feels that the immigration judge made her decision based on the fact that St. Cyr made it clear, and the law in this circuit appears clear that you have to have pled guilty in reliance on 212C. So the board did not go with a fully articulated basis, affirm without opinion. We feel that that is sound enough because this court can look at why the immigration judge. And we feel that the immigration judge's decision is correct. And if the court feels that way, we feel that remand should be for that limited purpose, to give the board the opportunity to address that in the first instance. But we do not feel that the board needed to do that. We feel that the board was correct in well within its right in relying on what the lawyers in this circuit to just affirm without opinion. The point is we took that position out of an abundance of caution. Further questions from the panel? You know, at bottom, the information government would just like to say that we feel that the petitioner, Mr. Avalar, is an alien in this country, was convicted of an aggravated felony. Congress has set a very low threshold for toleration of aliens who are convicted of aggravated felonies. And that's why it made such aliens ineligible for 212C relief with the changes, because Congress indicated that they were setting a lower threshold for toleration of such crime. Therefore, Mr. Avalar is not eligible for 212C relief, and the petitioner for review should be denied. Thank you, counsel. Mr. Gibbs, you have quite a bit of rebuttal time remaining. Well, you have 7.4 or something, but you don't have to use them all. I do have a question, though, for you as you start. You'll have an infinite amount if we don't start the clock. What's wrong with the government's argument that under the Real ID Act, the current law applies across the board now, period, unless there's a statute of limitations? Unless there's a constitutional problem with applying it? Well, I was a little bit surprised to hear that argument. It wasn't raised in their briefs at all, so I hadn't really thought about it or looked at it. Is it right or wrong as a matter of law? It's wrong. As I recall, the Real ID Act, the rules, the Real ID Act had some very limited focus, and I think that's what they were focusing on it in terms of its application, so that for provisions of law that are governed by the Real ID changes, the Real ID changes control it. But not for all the other things that were changed in IRA, IRA or the preexisting law. For example, the Real ID Act doesn't change the procedures for, you know, adjustment of status or anything like that. So it wouldn't – I don't think it applies here. Plus, it doesn't explain what – why do we still have this regulation in effect that Your Honor mentioned? Is it still current? I was unclear from the government's answer whether it's a current regulation. It's still current. The other thing that I think the counsel confuses here about the IRA, IRA transition rules is there are several transition rules. He's focusing on 309C4, which relates to judicial review issues. 309C1, which is what's relevant in this case, says specifically, an alien who is in deportation proceedings as of the effective date, the amendments made by this subtitle shall not apply. What – one or one of the amendments? The 212C deletion or repeal. The proceedings shall continue to be conducted without regard to such amendments. End of story. I think the government's argument also just underscores our wish and argument that this panel needs to be specific about what the board needs to do in the case. I don't have anything else. Any other questions? My colleagues have any more questions? Okay. Thank you very much.
judges: Graber, Rawlinson, Wright